IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:12-CR-29(3) |
| | § | Judge Marcia Crone |
| THOMAS DREW WIDAK | § | |

**PRELIMINARY ORDER OF FORFEITURE**

A Notice of Intention to Seek Criminal Forfeiture was included in the information in the above-styled and captioned case, and the United States sought forfeiture of specific property belonging to defendant, pursuant to 18 U.S.C. § 982. The property being:

a. One (1) 1970 Piper aircraft, serial number 28R-35707, FAA registration N4991S.

Defendant, entered a plea of guilty as to Count One of the Information, and admitted to the allegations contained in the Notice of Intention to Seek Criminal Forfeiture pursuant to 18 U.S.C. § 982.

By virtue of the plea and admission, the United States is now entitled to possession of the specifically identified property alleged in the Notice of Intention to Seek Criminal Forfeiture in the indictment pursuant to 18 U.S.C. § 1956 and Rule 32(b)(2) of the Federal Rules of Criminal Procedure;

Accordingly, it is ORDERED, ADJUDGED AND DECREED:

1. That based upon the plea and admission of the defendant, and the findings entered by this Court, the following property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(h) and 21 U.S.C. § 881(e). The property being:

a. One (1) 1970 Piper aircraft, serial number 28R-35707, FAA registration N4991S

2. That the aforementioned forfeited property is to be held by the United States and/or the custodial agency in their custody and control.

3. That pursuant to 21 U.S.C. § 853(n)(1), Supplemental Rule G(4)(a)(iv)(C), and the Attorney General's authority to determine the manner of publication of an order of forfeiture in a criminal case, the United States forthwith shall publish for at least 30 consecutive days at www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above-mentioned forfeited property must file a petition with the Court within 60 days of the first day of publication of the notice on the official government internet web site, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

5. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6. Pursuant to Fed. R. Crim. P. 32.2(c)(2), if no party files a petition asserting an interest in the property, this Preliminary Order of Forfeiture becomes the Final Order of Forfeiture as to the defendant.

SIGNED at Beaumont, Texas, this 19th day of July, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE